# FILED

## UNDER

# SEAL

NICHOLAS A. TRUTANICH
United States Attorney
ELHAM ROOHANI
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cr-00353-GMN-NJK-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| CHRISTOPHER RYAN BUSBY | ) | PRETRIAL RELEASE |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Zack Bowen, Senior United States Pretrial Services Officer. I have reviewed that Petition and I concur in the recommended action requested of the Court.

Dated this 7th day of March, 2019.

NICHOLAS A. TRUTANICH
United States Attorney

By ___/S/_____.
ELHAM ROOHANI
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. CHRISTOPHER RYAN BUSBY                    Docket No. 2:15-cr-00353-GMN-NJK-1

Petition for Action on Conditions of Pretrial Release

COMES NOW ZACK BOWEN, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Christopher Ryan Busby. The defendant appeared on July 27, 2017, on his fourth motion to reopen hearing before U.S. Magistrate Judge George W. Foley, Jr. and was ordered released on July 28, 2017, on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
3. The defendant shall not obtain a passport or passport card.
4. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, NV.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall not be employed in, or be present in, any setting directly involving minor children.
8. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
9. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
10. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
11. The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
12. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
13. The defendant shall undergo medical or psychiatric treatment.
14. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.

15. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
16. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
    **Home Detention:** The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
17. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    **Global Positioning Satellite (GPS) monitoring**.
18. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
19. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
20. The defendant shall not associate or have individuals come to his residence who permit him to have access to those devices (listed above in condition 19).
21. The defendant shall refrain from possession of pornography or erotica in any form or medium.
22. The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the nature and circumstances of the alleged instant offense.
23. The defendant shall remove Wi-Fi form residence and shall not access Wi-Fi.
24. If there is a need for the defendant to move, he is to obtain the Court's permission, not Pretrial Services permission.
25. Once the defendant has checked into his residence, he is to promptly contact Pretrial Services. If the defendant is unable to secure his residence, he is to promptly notify Pretrial Services and return to the courthouse should the Court have to make any further orders in this matter.
26. The defendant is to sign release forms so Pretrial Services may have contact with entities that were discussed in open court.

On September 28, 2017, U.S. Magistrate Judge George W. Foley, Jr. ordered the defendant's conditions of release are modified to include the defendant's ankle monitor may be temporarily removed when necessary for any verified medical procedure and be reinstalled as soon as practicable after the procedure has been performed.

On December 7, 2017, U.S. Magistrate Judge George W. Foley, Jr. ordered the defendant's conditions of release are modified to include the defendant is allowed to move from the Siegel Suites apartment into the North Las Vegas home that has been approved as a suitable residence by Pretrial Services.

On March 2, 2018, U.S. Magistrate Judge George W. Foley, Jr. ordered the defendant's conditions of release are modified to include the defendant may go to a gym or exercise facility that has been pre-approved by Pretrial Services, twice a week, for no more than two hours. The times and dates of the visits must be pre-approved by Pretrial Services.

On December 7, 2018, U.S. Magistrate Judge George W. Foley, Jr. ordered the defendant's conditions of release are modified to include the defendant is allowed to attend his company's holiday party at the Goldspike, on December 11, 2018, from 9:00pm to midnight.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. Our office received Grubhub records that indicate the defendant accessed their application online on 21 occasions
2. The defendant failed to report contact with law enforcement on February 21, 2019.
3. On February 21, 2019, the defendant made statements about associating with and being in the presence of people using and possessing drugs at his residence.
4. On March 1, 2019, our office conducted a search of the online social media platform, Twitter, and found that the defendant has used the application since his release from custody. Records indicate that on October 17, 2017, the defendant (Chris Busby @ BusbyProduction) replied to two different members.
5. On March 7, 2019, the defendant was arrested by the North Las Vegas Police Department for Open and Gross Lewdness Victim Under the Age of 18 (Felony).

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this 7th day of March, 2019 and ordered filed and made a part of the records in the above case. | Executed on this 7th day of March, 2019. |
| | Respectfully Submitted, |
| _(signed)_ | _(signed)_ |
| Honorable Gloria M. Navarro<br>Chief U.S. District Judge | Zack Bowen<br>Senior U.S. Pretrial Services Officer<br>Place: Las Vegas, Nevada |