**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cr-00353-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| CHRISTOPHER RYAN BUSBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant Christopher Ryan Busby's ("Defendant's") Second Emergency Motion for Compassionate Release, (ECF No. 177). The Government filed a Response, (ECF No. 181), and Defendant filed a Reply, (ECF No. 182). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On February 28, 2019, Defendant pleaded guilty to Count One of the Indictment: receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). (*See* Mins. Proceedings, ECF No. 113). On August 9, 2019, the Court sentenced Defendant to 121 months custody followed by 45 years supervised release after finding him guilty of Count One of the Indictment. (*See* J., ECF No. 137); (Mins. Proceedings, ECF No. 135). Defendant is presently in custody at the Milan Federal Correctional Institution ("FCI Milan"). (*See* Mot. Compassionate Release 2:1–2, ECF No. 164).

Defendant filed his first Motion for Compassionate Release on June 23, 2020. (*See* First Mot. Compassionate Release, ECF No. 164). The Court denied the Motion after concluding Defendant had not demonstrated extraordinary and compelling reasons warranted his release. (Order 3:8–5:7, ECF No. 170). Given that the lack of extraordinary and compelling reasons

1   provided independent grounds to deny the Motion, the Court concluded it "need not address

2   whether Defendant's release would endanger the safety of the community." (*Id.* 5:8–9).  In light

3   of Defendant's renewed Motion, the Court now concludes that—even if Defendant could

4   demonstrate he has exhausted his administrative remedies and extraordinary and compelling

5   reasons warrant his release—Defendant remains a substantial danger to the community.

6   **II.      LEGAL STANDARD**

7          The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the

8   First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing

9   court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A).

10  Generally, to be eligible for compassionate release, a defendant must demonstrate: (1) he has

11  exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a

12  reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the

13  community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing

14  Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things,

15  terminal illnesses and medical conditions "that substantially diminish[] the ability of the

16  defendant to provide self-care within the environment of a correctional facility and from which

17  he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other

18  reasons" including a "reason other than, or in combination with" a reason specifically provided

19  in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the

20  sentencing court's discretion. *See United States v. Wade*, 2:99-CR-00257-CAS-3, 2020 U.S.

21  Dist. LEXIS 65373, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

22  **III.     DISCUSSION**

23         The Government argues that Defendant remains a danger to the community because of

24  his criminal history, past violations of pretrial release conditions, use of aliases and different

25  birth dates, and having served relatively little of his custodial sentence. (Gov't's Resp. 20:3–

1    26:16, ECF No. 181).  Defendant argues that granting him compassionate release is "the just

2    thing to do" given his history of abuse, commission of a non-violent offense, and programming

3    and clean disciplinary record while in custody. (Mot. Compassionate Release 20:22–23:7, ECF

4    No. 177).

5           Under 18 U.S.C. § 3142(g), an inmate may be granted compassionate release only if he

6    is not a danger to any other person or to the community. *See United States v. Johnson*, No.

7    2:19-CR-0081-TOR, 2020 U.S. Dist. LEXIS 78263, 2020 WL 2114357, at *1 (E.D. Wash.

8    May 4, 2020) ("the Court should not grant a sentence reduction if the defendant poses a risk of

9    danger to the community, as defined in the Bail Reform Act.").  In assessing whether the

10   Defendant presents a danger to the community, the Court should consider factors such as: (1)

11   the nature and circumstances of the offense charged, including whether the offense involved

12   violence or a controlled substance; (2) the weight of evidence against the defendant; (3) the

13   defendant's history and characteristics, including physical and mental condition, criminal

14   history, and family ties; and (4) the nature and seriousness of the danger posed by the

15   defendant's release. *See* 18 U.S.C. § 3142(g).

16          Defendant's history, characteristics, and the danger posed by his release demonstrate

17   that he should not be granted compassionate release.  Defendant has shown an inability to

18   abstain from watching child pornography.  Las Vegas Metropolitan Police Department

19   ("Metro") detectives began investigating Defendant for downloading child pornography on

20   January 16, 2015. (PSR ¶ 17).  On March 17, 2015, Metro executed a search warrant of

21   Defendant's home and seized a laptop, several CDs, and a hard drive. (*Id.* ¶ 19).  In November

22   of 2015, a warrant was issued for Defendant's arrest, and he was arrested on December 3, 2015.

23   (*Id.* ¶ 26).  Between the execution of the search warrant and Defendant's arrest, Defendant used

24   another device to download child pornography despite notice of the investigation from the

25   previous seizure. (*See* Gov't's Resp. to Sentencing Memo 2:17–19, ECF No. 134).  The Court

1    Ordered Defendant detained pending trial given the danger he presented to the community.

2    (Order of Detention, ECF No. 14). When interviewed by the United States Marshals Service,

3    Defendant did not accept responsibility for his actions and declined to comment on the offense.

4    (PSR ¶ 30).

5         Defendant's pathology demonstrates his danger to the public. Possession of child

6    pornography is not a victimless crime. *See United States v. Martin*, No. CR-08-00433-001-

7    TUC-DCB, 2020 U.S. Dist. LEXIS 189593, 2020 WL 6048328, at *2 (D. Ariz. Oct. 13, 2020)

8    ("The Court rejects Defendant's assertion that his offenses were victimless crimes. The

9    pornography looked at by the Defendant was made using real children, who were victimized by

10   an industry which included the Defendant as the consumer of child pornography."). Persons

11   who take pleasure from watching adults rape children pose a danger to the public. *Id. See also*

12   *United States v. Rutley*, No. 17-cr-56-pp, 2020 U.S. Dist. LEXIS 126159, 2020 WL 4040729,

13   at *7 (E.D. Wisc. July 17, 2020) ("But these crimes are not victimless, and they cause lingering

14   damage to the victims for years—often the rest of their lives.").

15         Even if Defendant's conviction for receipt of child pornography were by itself

16   insufficient grounds to deny compassionate release, Defendant's crimes do not stop there.

17   Defendant also has a demonstrated record of failing to abide by conditions of home

18   confinement, instead continuing to commit deviant sex crimes. After the Court ordered

19   Defendant detained pending trial, Defendant sought to reopen his detention for medical

20   reasons. (*See* Mots. Reopen, ECF Nos. 31, 39, 55, 77). The Court released Defendant to home

21   confinement with conditions pending trial. (Mins. Proceedings, ECF No. 80). On March 7,

22   2019, the Court issued a warrant on a petition for revocation of pretrial release because

23   Defendant had accessed the internet on about 20 occasions, exposed himself to a door-to-door

24   salesman, and began masturbating in front of a minor delivering food. (PSR ¶¶ 10–11, 50). The

25

1  Court revoked Defendant's pretrial release. (Order of Detention, ECF No. 122); (Mins

2  Proceedings, ECF No. 127).

3        Defendant engaged in multiple sex offenses during a time he *knew* his freedom and

4  ability to provide self-care in light of his health conditions were at risk. *Cf. United States v.*

5  *Brazil*, No. 1:18-CR-00157-NONE, 2020 WL 6044177, at *7 (E.D. Cal. Oct. 13, 2020)

6  (denying compassionate release because defendant "repeatedly engaged in criminal behavior

7  with respect to minors and . . . failed to establish his rehabilitation with respect to such

8  behavior").  The Court finds that Defendant's past conduct is a strong predictor of his future

9  behavior if he were granted compassionate release.  Having only served approximately one

10  third of his custodial sentence, the Court cannot say that the programming Defendant has

11  completed or his behavior in an environment free from children and unrestricted internet access

12  has eliminated the risk he poses to the public.  The Court therefore denies Defendant's Motion

13  even if he could demonstrate the other requirements for compassionate release.

14  **IV.**     **CONCLUSION**

15      **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release,

16  (ECF No. 177), is **DENIED**.

17      **DATED** this __18__ day of February, 2021.

18

19

20  _____

21  Gloria M. Navarro, District Judge
    United States District Judge

22

23

24

25