**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-00353-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| CHRISTOPHER BUSBY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for an Order Deeming the Attorney-Client Privilege Waived, (ECF No. 186), filed by the Government. Defendant Christopher Busby ("Defendant") did not respond.

For the reasons discussed below, the Government's Motion for an Order Deeming the Attorney-Client Privilege Waived is **GRANTED**.

**I.   BACKGROUND**

The Court incorporates the background information and procedural history of this case from the Government's Motion. (*See* Mot. Order Deeming Att'y-Client Privilege Waived 2:4–14, ECF No. 186). The Government now seeks the Court to enter an Order deeming the attorney-client privilege between Defendant and his counsel—Tony L. Abbatangelo, Heidi A. Ojeda, and G. Michael Tanaka—waived to respond to Defendant's Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (*See id.* 2:14–17). The Government also moves the Court to provide it a sixty (60) day extension to file its Response to Defendant's Motion to Vacate. (*Id.* 2:17–20, 6:3–6).

**II.   LEGAL STANDARD**

"[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective

lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).  However, "such waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (citing *Bittaker*, 331 F.3d at 720–25).

### III. DISCUSSION

Here, Defendant waived his attorney-client privilege with the aforementioned counsel by raising an ineffective assistance of counsel claim. (*See generally* Mot. Vacate, Set Aside, Correct Sentence, ECF No. 184).  Accordingly, the Court waives the attorney-client privilege between Defendant and Tony L. Abbatangelo, Heidi A. Ojeda, and G. Michael Tanaka only as it relates to his ineffective assistance of counsel claim in his Motion to Vacate.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion for an Order Deeming the Attorney-Client Privilege Waived, (ECF No. 186), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government shall file a Status Report on August 5, 2022, informing the Court of the status of Tony L. Abbatangelo's, Heidi A. Ojeda's, and G. Michael Tanaka's responses regarding Defendant's ineffective assistance of counsel claim.

**DATED** this __23__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT