# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

vs.

CHRISTOPHER RYAN BUSBY,

    Petitioner/Defendant.

Case No.: 2:15-cr-00353-GMN-NJK-1

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Pending before the Court is Petitioner Christopher Ryan Busby's Motion for Leave to Amend his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 239). The Government filed a Response, (ECF No. 242), to which Petitioner filed a Reply, (ECF No. 250).

For the reasons discussed below, the Court **DENIES** Petitioner's Motion for Leave to Amend his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

I.     <u>BACKGROUND</u>

The Court incorporates the background information and procedural history of this case from the Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See* Resp. 4:13–13:3, ECF No. 197). In February 2019, Petitioner pleaded guilty to Count One of the Indictment: receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). (*See* Mins. Proceedings, ECF No. 113). In August 2019, the Court sentenced Petitioner to 121 months' custody followed by forty-five (45) years' supervised release after finding him guilty of Count One of the Indictment. (*See* Am. Judgment ("J."), ECF No. 176) (Mins. Proceedings, ECF No. 135). In November 2021, Petitioner filed

///

his § 2255 Motion, (ECF No. 184), asserting eight grounds for relief.[1] In November 2023, the Court entered an Order denying in part and deferring in part Petitioner's § 2255 Motion. (Order, ECF No. 203). Acting "with an abundance of caution[,]" the Court determined an evidentiary hearing was necessary to supplement and clarify the record for several of Petitioner's ineffective assistance of counsel claims. (*Id.* 18:18). Five months after the Court's Order, and over three years after filing his § 2255 Motion, Petitioner then filed his Motion for Leave to Amend his § 2255 Motion, requesting the Court give him leave to add two new claims. (Mot. Leave Am. § 2255, ECF No. 239).

## II. LEGAL STANDARD

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000). Under Fed. R. Civ. P. 15(a), one seeking collateral relief may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the pendency of the proceeding. *See Mayle v. Felix*, 545 U.S. 644, 654 (2005).

Although leave to amend should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay resolution of the action, or if the party acted in a dilatory fashion in seeking leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, it has been recognized as appropriate to deny leave to amend where the proposed amendment would be futile. *Id.* at 182; *see also United States v. Smithkline Beecham Clinical Labs.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of a motion for

---

[1] These eight grounds included numerous sub-grounds. For example, Petitioner's claim of ineffective assistance of counsel alleged 17 distinct instances where his trial and appellate counsel were ineffective. (*Id.*).

leave to amend."); *Bonin v. Calderon*, 59 F.3d 815, 845–46 (9th Cir. 1995) (stating in the habeas context that futility of amendment justifies the denial of a motion for leave to amend).

## III. DISCUSSION

Petitioner's Motion seeks leave to add two new claims to his § 2255 Motion. Specifically, Petitioner claims that his trial and appellate counsel were ineffective for failing to advise him on the "possibility/likelihood of a length[y] supervised release term due to the nature of the case." (Mot. Leave Am. § 2255 2:17–19). Additionally, Petitioner contends the length of his supervised release term is unconstitutional, and that his trial and appellate counsel were thereby ineffective for failing to raise a constitutional challenge. (*Id.* 2:20–22). Because the Court finds that Petitioner has failed to state a colorable claim of ineffective assistance on either basis, it finds that amendment is futile, and accordingly DENIES Petitioner's Motion.[2]

### A. Ineffective Assistance & The Length of Petitioner's Supervised Release Term

According to Petitioner, his trial counsel did not advise him that he faced a potentially lengthy term of supervised release. Instead, "[he] was under the impression that the supervised release term would be between four and ten years, and not the forty-five (45) year term imposed." (Proposed Am. § 2255 50:6–9, Ex. 1 to Mot. Leave Am. § 2255, ECF No. 239-1). He argues his trial counsel was ineffective for not properly advising him of the potential supervised release term he faced, and that his trial and appellate counsel were ineffective for not objecting to the lengthy term he ultimately received. (*Id.* 56:6–19).

"[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was ineffective.'" *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)). Even in a claim of ineffective assistance

---

[2] In addition to futility, the Government argues that the Court should deny Petitioner leave to amend for several other reasons. (*See generally* Resp., ECF No. 242). Because the Court denies leave to amend based on futility, it declines to examine the Government's remaining arguments.

of counsel in a guilty plea, the defendant must meet the *Strickland* test; that is, he must show first, "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases," and second, that he suffered actual prejudice as a result of this incompetence. *Id.* at 979–80 (citing *Hill*, 474 U.S. at 57–58).

"A deficient performance is one in which counsel made errors so serious that she was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987).  The court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989)).  In order to satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Here, Petitioner cannot show prejudice.  The record shows that Petitioner knew he faced a lengthy term of supervision and still decided to plead guilty.  Therefore, he cannot show that he would not have pled guilty but for counsel's alleged ineffective assistance.

The Court begins with the plain language of Petitioner's Plea Agreement.  The Agreement provided that Petitioner faced "a minimum term of supervised release of 5 years, and up to a maximum term of life." (Plea Agreement 5:6–8, ECF No. 114).  Petitioner attested that he: "read th[e] Plea Agreement and underst[ood] its terms and conditions[,]" and had adequate time to discuss the Agreement with his attorney. (*Id.* 17:22–18:3).  Thus, the plain language of the Plea Agreement informed Petitioner that he faced a potentially lengthy term of

supervised release, and Petitioner acknowledged that he was aware he the Court could impose this punishment.

Next, the Court examines Petitioner's change-of-plea colloquy. There, the Government's attorney stated the essential terms of the Plea Agreement, including that "[Petitioner] underst[ood] that he will be subject to a term of supervised release, minimum term of five years, up to a maximum term of life." (Change-of-Plea Tr. 12:17–23, ECF No. 153). The Court then asked Petitioner if he "fe[lt] that [he] underst[ood] the terms of [his] Plea Agreement?" (*Id.* 13:18–20). He responded, "Yes, I do." (*Id.*). Later in the colloquy, the Court again advised Petitioner that it could order a term of supervised release, "and in this case that would be for a term of not less than five years of supervision, [and] up to a maximum of lifetime supervision," to which Petitioner again stated he understood. (*Id.* 18:17–22). On two occasions, Petitioner was informed that he faced a period of supervised release up to life, and he still chose to enter his guilty plea.[3]

Finally, Petitioner's presentence report recommended a supervised release term for "life." (PSR ¶ 30). At sentencing, Petitioner attested that he had sufficient time to review the presentence report with his attorney. (Sentencing Tr. 6:8–10, ECF No. 152). And the Court again informed Petitioner that he faced a supervised release of a minimum of five years and up to a maximum of lifetime supervision. (*Id.* 16:10–14).

In short, the record belies Petitioner's claim that he was unaware of the supervised release consequences of his plea. Trial counsel was effective in relaying that Petitioner faced a long term of supervised release, and Petitioner's alleged lack of knowledge is not credible.

---

[3] The Court has already determined that Petitioner's guilty plea was knowing and voluntary. (Order 3:17–9:11). And Petitioner's statements at his plea colloquy that he understood he faced up to a lifetime term of supervised release "carr[ies] a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012), *as amended* (May 31, 2012) (citing *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.")).

1  And Petitioner cannot show prejudice where he was aware of the consequences of the Plea
2  Agreement and still opted to forgo a trial in favor of the terms of Agreement. *See Womack v.*
3  *Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007); *see also Andrews v. United States*, No. 1:07-cr-
4  232, 2010 WL 3243342, at *3 (M.D.N.C. Aug. 16, 2010) (finding petitioner's trial counsel was
5  not ineffective for not allegedly not advising him on the length of his supervised release term
6  where "he was advised in his plea agreement and during his plea colloquy" that he faced a
7  period of supervised release up to life and still chose to plead guilty); *United States v. Curtis*,
8  No. 21-cr-02063, 2023 WL 5674408, at *5 (S.D. Cal. Sept. 1, 2023) (same in sentencing
9  context).  As Petitioner cannot meet *Strickland*'s two prongs, the Court DENIES his Motion to
10 Amend to add this ineffective assistance of counsel claim because amendment is futile. *Foman*,
11 371 U.S. at 182.

**B. Constitutionality of Petitioner's Term of Supervised Release**

Next, Petitioner contends that his 45-year supervised release term is unconstitutional. Specifically, he argues that it constitutes "cruel and unusual punishment" in violation of the Eighth Amendment. (Proposed Am. § 2255 57:6–11, Ex. 1 to Mot. Leave Am. § 2255).  He further avers that this condition also violated his Fifth and Sixth Amendment rights. (*Id.* 57:12–19).  According to Petitioner, his trial and appellate counsel were ineffective for not objecting to the constitutionality of his supervised release term.  The Court disagrees and finds that Petitioner's term of supervised release did not violate his constitutional rights.

**1. Eighth Amendment**

The Court begins with Petitioner's Eighth Amendment challenge.  The length of Petitioner's term of supervised release is directly tied to the crime underlying his conviction, so it bears repeating that Petitioner is convicted of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(A)(a)(2) and (b). (Am. J.).  The Court finds that Petitioner's 45-year term of

supervised is constitutional because it is within the range authorized by statute and Sentencing Guidelines Range and permitted under Ninth Circuit precedent.

First, a *lifetime* term of supervised release is authorized by statute and within the Sentencing Guidelines range. *See* 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release for any offense under section . . . 2252A . . . is any term of years not less than 5, or life."); *see also* U.S.S.G. § 5D1.2 ("[T]he length of the term of supervised release . . . may be up to life, if the offense is . . . a sex offense."). Not only is a lifetime term of supervised release authorized for Petitioner's offense, U.S.S.G. § 5D1.2 notes that "[i]f the instant offense of conviction is a sex offense, . . . the statutory maximum term of supervised release is recommended." Thus, Petitioner's 45-year term of supervised release not only falls within the term authorized by statue and the Sentencing Guidelines range, but it is also less severe than the lifetime supervision the Court was recommended to impose.

Second, Petitioner's term of supervised release is constitutional under Ninth Circuit precedent. Specifically, the Ninth Circuit has held that a sentence of lifetime supervised release for a sex offender does not violate the Eight Amendment. *See, e.g.*, *United States v. Williams*, 636 F.3d 1229, 1223 (9th Cir. 2011); *see also United States v. Mullens*, 329 Fed. App'x 61, 64 (9th Cir. 2009) ("The district court did not violate Mullen's Eighth Amendment rights by sentencing him to a within-Guidelines lifetime term of supervised release."). So, if a lifetime term of supervised release does not violate the Eighth Amendment, it naturally bears to reason that neither does Petitioner's 45-year term.

In sum, Petitioner's term of supervised release does not violate the Eighth Amendment. Because this claim is without merit, Petitioner's trial and appellate counsel cannot have been ineffective for failing to raise it. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be

deficient performance . . . ."). Accordingly, Petitioner's Motion to Amend is DENIED to the extent it seeks to add this claim. *Foman*, 371 U.S. at 182.

### 2. Fifth & Sixth Amendments

Next, Petitioner invokes the Fifth and Sixth Amendments for his assertion that a jury must find him guilty beyond a reasonable doubt before a court may revoke his supervised release under 18 U.S.C. § 3583(e) for committing a new crime in violation of his supervised release conditions. (Proposed Am. § 2255 51:11–19, Ex. 1 to Mot. Leave Am. § 2255). He contends that this Court violated his constitutional rights, and his trial and appellate counsel were ineffective for not objecting when this Court decided by a preponderance of evidence that he violated his term of supervision and sentenced him based on the criminal violation. (*Id.*).

Petitioner's ground for relief is based on the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). *Haymond* addressed the constitutionality of 18 U.S.C. § 3583(k), which requires a district court to revoke a term of supervised release and impose a term of reimprisonment for a minimum of five years if a sex offender commits an additional federal offense relating to sexual misconduct. *Id.* at 2374. The defendant challenged the constitutionality of that provision, arguing that imposing a mandatory minimum term for a new crime requires a jury trial, even if the term is imposed through a supervised-release revocation. *Id.* at 2374–75.

In the Supreme Court's decision, no opinion garnered a majority, but the controlling opinion is that of Justice Breyer. *See United States v. Henderson*, 998 F.3d 1071, 1076 (9th Cir. 2021) ("Justice Breyer's separate concurrence in the judgment is therefore controlling."); *see also United States v. Stahl*, 839 F. App'x 22, 24 (7th Cir. 2021) (referring to Justice Breyer's opinion as "the controlling opinion"). Justice Breyer began by rejecting the defendant's broader arguments. *Haymond*, 139 S. Ct. at 2385 (Breyer, J., concurring in the judgment). In discussing supervised release in general, he concluded that "the role of the judge in a

supervised-release proceeding is consistent with traditional parole," which does not carry a jury-trial right. *Id.*

Justice Breyer nonetheless concluded that § 3853(k), the narrow provision at issue, was unconstitutional based on "three aspects of this provision, considered in combination," which made it operate "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (Breyer, J.). First, § 3583(k) applies only when the violation constitutes a federal offense. *Id.* Second, it mandates revocation, taking away a judge's discretion. *Id.* Third, it sets a mandatory minimum prison term of five years. *Id.* "Taken together," Justice Breyer concluded, "these features of § 3583(k) more closely resemble the punishment of new criminal offenses, but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." *Id.*

Following *Haymond*, the Ninth Circuit "reaffirmed that the Fifth and Sixth Amendments do not prohibit a § 3583(e) post-revocation prison sentence based on judicial findings under a preponderance standard." *United States v. Oliver*, 41 F.4th 1093, 1101 (9th Cir. 2022) (citing *Henderson*, 998 F.3d at 1071). In *Henderson*, the Ninth Circuit held that a defendant's otherwise reasonable sentence for violating the terms of supervised release could exceed, "when aggregated with the time the defendant was imprisoned for the underlying crime, the maximum statutory sentence for the underlying crime." *Henderson*, 998 F.3d at 1078. "Implicit in this holding was the determination that, as a constitutional matter, the determination of whether a defendant had violated a condition of supervised release could be made by a judge without a jury, and that the judge could determine the resulting sentence."[4]

---

[4] The Ninth Circuit's holding that revocations under § 3583(e)(3) and § 3583(g) (which mandate revocation, but without a mandatory minimum term) do not require jury trials, even after *Haymond*, is consistent with that of its sister circuits. *See United States v. Bedford*, 770 F. App'x 260, 261 (7th Cir. 2019); *United States v. Doka*, 955 F.3d 290, 298 (2d Cir. 2020); *United States v. Seighman*, 966 F.3d 237, 239 (3d Cir. 2020); *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020); *United States v. Garner*, 969 F.3d 550, 551–53 (5th Cir. 2020); *United States v. Robinson*, 63 F.4th 530, 539 (6th Cir. 2023); *United States v. Eagle Chasing*, 965 F.3d 647, 650-

*United States v. Richards*, 52 F.4th 879, 885 (9th Cir. 2022).  This is because "a sentence for a supervised release violation is generally part of the penalty for the original offense" and is not considered a "new and additional punishment requiring . . . jury findings beyond a reasonable doubt." *Oliver*, 41 F.4th at 1102.

Applying the foregoing caselaw, Petitioner was not entitled to a jury trial to determine whether he violated the terms of his supervised release, and if his term of supervised release should be revoked.  And Petitioner's Fifth and Sixth Amendment rights were not violated "because his [s]upervised release, its revocation, and its associated penalties [were] part of the original sentence authorized by the fact of conviction, none of which requires impermissible judicial fact-finding." *United States v. Huta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006).  Because Petitioner's Fifth and Sixth Amendment challenges fail under established Ninth Circuit precedent, his trial and appellate counsel cannot be ineffective for failing to bring an unmeritorious argument. *See Rupe*, 93 F.3d at 1445.  Accordingly, Petitioner's Motion to Amend is DENIED to the extent it seeks to add this claim. *See Foman*, 371 F.3d at 182.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Amend his Motion Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 239), is **DENIED**.

**DATED** this __2__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

51 (8th Cir. 2020); *United States v. Salazar*, 987 F.3d 1248, 1261 (10th Cir. 2021); *United States v. Moore*, 22 F.4th 1258, 1267–69 (11th Cir. 2022).