# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  Case No.: 2:15-cr-00353-GMN-NJK-1 |
| vs. | ) |
| | )  **ORDER GRANTING MOTION FOR** |
| CHRISTOPHER RYAN BUSBY, | )  **SENTENCE REDUCTION** |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is Defendant Christopher Ryan Busby's Motion for Sentence Reduction ("MSR") under 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 214). The Court appointed Defendant counsel, (Order Appointing Counsel, ECF No. 220), who subsequently filed a Supplement to Defendant's Motion, (ECF No. 227). The Government filed a Response to Defendant's Motion and Supplement, (ECF No. 237), to which Defendant filed a Reply, (ECF No. 246). Also pending before the Court are Defendant's unopposed Motions to Seal, (ECF Nos. 228, 246).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Sentence Reduction and Motions to Seal.[1]

## I.    BACKGROUND

On February 28, 2019, Defendant pleaded guilty to Count One of the Indictment: Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). (*See* Mins. Proceedings, ECF No. 113). On August 12, 2019, the Court sentenced Defendant to 121

---

[1] Defendant seeks to seal evidence containing his personal identifying information and health records. Numerous courts have found that individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records. *See, e.g.*, *Hernandez v. Cnty. of Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *5 (N.D. Cal. July 21, 2023) (collecting cases). Accordingly, the Court finds good cause to seal the records, and GRANTS Defendant's Motions to Seal.

months imprisonment followed by 45 years' supervised release. (*See* Judgment, ECF No. 137); (Mins. Proceedings, ECF No. 135).

Defendant's current projected release with good time credits is March 21, 2026, and his projected release date to a halfway house is March 21, 2025. (Suppl. 2:26–3:3, ECF No. 227). Defendant filed an uncounseled MSR, (ECF No. 214), and a counseled Supplement, petitioning the Court for an eight-month reduction that will enable him for placement in a residential reentry center or halfway house for the remainder of his sentence. (*Id.* 16:27–17:7).

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment.  Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.*  A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  As the movant, Defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

The Sentencing Commission has recently passed guidance as to when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b).  Such circumstances include (1) the medical circumstances of the defendant, (2) the advanced age of

the defendant resulting in "a serious deterioration in physical or mental health," (3)"[t]he death or incapacitation of the caregiver of the defendant's minor child," (4) whether the defendant, while in custody, was the victim of sexual or physical abuse, or (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described . . . are similar in gravity to those described [above]." *Id.*

## III.    DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (*See generally* Resp., ECF No. 237).  The Court thus turns to whether Defendant has shown extraordinary and compelling reasons warranting a reduction.

### A. Extraordinary & Compelling Reasons

Defendant argues a sentence reduction is warranted for three reasons: (1) his medical conditions; (2) his status as the victim of sexual and physical abuse while incarcerated; and (3) his record of rehabilitation. [2] (Suppl. 6:4–9:8, 9:9–11:6); (Reply 2:8–4:7, 15:21–16:23). Because rehabilitation alone cannot justify a sentence reduction, the Court's analysis primarily concerns his first two arguments. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.).

///

---

[2] Defendant also notes that he would have completed the Residential Drug Abuse Program ("RDAP") but for the Court setting an evidentiary hearing on his § 2255 Motion. (Reply 5:20–27).  Nonetheless, Defendant recognizes "that this is not a condition that warrants relief." (*Id.*).  Participation in RDAP, a three-part drug treatment program with a community-based residential component, allows some inmates to reduce their sentences by up to one year. 18 U.S.C. § 3621(e); 28 C.F.R. §§ 550.53-550.55.  District courts have found that a defendant's inability to participate in or complete RDAP is not an extraordinary and compelling reason warranting a reduction. *See United States v. Adams*, No. 19-cr-01787, 2024 WL 1810485, at *3 (S.D. Cal. Apr. 25, 2024). This is because "RDAP [is] not guaranteed to [a defendant] and it [is] not a condition of [their] incarceration." *United States v. Sexton*, No. 2:19-cr-192, 2021 WL 128952, at *3 (S.D. Ohio Jan. 14, 2021).  Here, Defendant's argument is not compelling because it "relies on speculation and a series of assumptions." *United States v. Sims*, No. 19-cr-857, 2022 WL 3013111, at *3 (S.D.N.Y. July 29, 2022).  "While Defendant's ostensive commitment to complete RDAP . . . and to continue with his good behavior while incarcerated is commendable, it is best not count any chickens before they hatch." *Id.*

### 1.  Medical Conditions

Defendant avers that the BOP has been unwilling or unable to treat his epilepsy, a benign tumor in his spine, and scoliosis. (Suppl. 10:1–11:16).  The medical condition of a defendant may be an extraordinary and compelling reason if they are "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B).  To qualify as an extraordinary and compelling reason, however, the medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*  A medical condition may further qualify if it "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Defendant's subjective fears about his current and future medical treatment are not matched by the objective record as it exists today.  Defendant's conditions are not terminal, nor do his treatment records demonstrate that he is at serious risk of deterioration of health or death.  Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).  While Defendant disputes the quality of care he is receiving, the record before the Court does not demonstrate that the BOP has abdicated monitoring his conditions.  Accordingly, the Court declines to find a sentence reduction is warranted on this basis.

### 2.  Sexual and Physical Abuse

Next, Defendant contends "extraordinary and compelling reasons" exist because he has been raped by inmates on several occasions and was recently physically assaulted. (*See generally* MSR); (Suppl.).  Section 1B1.13(b)(4) states that victims of sexual abuse, or physical abuse resulting in "serious bodily injury," may be eligible for a sentence reduction—however,

only if the abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant."

The Court finds that Defendant's alleged sexual abuse is not an extraordinary and compelling reason warranting a sentence reduction. The reasoning in *United States v. Ancheta*, No. 3:12-cr-00015, 2024 WL 1181815 (D. Nev. Mar. 19, 2024) is helpful. In *Ancheta*, the defendant claimed that he was raped by other inmates five years prior and that this constituted extraordinary and compelling reasons warranting a sentence reduction. *Ancheta*, 2024 WL 1181815 at *3. The court found that § 1B1.13(b)(4) was inapplicable because "[t]he alleged act on which [defendant] relies was not committed by or at the direction of a correctional officer or any person having custody or control of [defendant] — it was allegedly committed by other inmates." *Id.* at *4. The court further explained that "this provision applies only where the misconduct was established in a criminal, civil, or administrative proceeding, unless the proceedings have been unduly delayed or the defendant is in 'imminent danger.'" *Id.* The defendant had not shown any misconduct was legally established, nor that he was in imminent danger considering the conduct he complained of occurred five years prior. *Id.* Accordingly, the *Ancheta* court found that the defendant's alleged rape did not constitute an extraordinary and compelling reason for sentence reduction.

The Ninth Circuit has not directly addressed the issue, but district courts outside the Ninth Circuit have reached the same conclusion as the *Ancheta* court. *See, e.g.*, *United States v. Jackson-Bey*, No. 2:09-cr-43, 2024 WL 472449, at *5 (N.D. Ind. Feb. 7, 2024); *United States v. Stewart*, No. 02-cr-62, 2022 WL 4094128, at *3 (D. Del. Sept. 7, 2022), *aff'd United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023). These cases noted that the defendants failed to introduce evidence to substantiate their claim or demonstrate the alleged sexual assault resulted in a conviction, finding, or admission of liability in a civil case or a finding in an administrative

1    proceeding. *Jackson-Bey*, 2024 WL 472449, at *5; *Stewart*, 2022 WL 4094128, at *3.  In short,

2    a "mere allegation of prison rape, without more, is not an extraordinary and compelling reasons

3    for early release." *Stewart*, 86 F.4th at 536.

4         Like the defendant in *Ancheta*, Defendant alleges he was raped by other inmates and not

5    a correctional officer.  And here, Defendant does not introduce affirmative evidence to

6    substantiate his claim or demonstrate that the alleged sexual assaults resulted in a conviction,

7    finding, or admission of liability in a civil case or a finding in an administrative case.  Instead,

8    Defendant relies on the fact that he discussed the alleged sexual assaults with a BOP therapist

9    after they occurred and informed his Probation Officer.  To this end, Defendant's PSR includes

10   his allegations of rape, and the Court considered these allegations before imposing his sentence.

11   (PSR ¶¶ 80, 140).  The statements in the PSR, however, are not corroborated by independent

12   sources.  Instead, they are predicated on Defendant's word.  And Defendant's word, standing

13   alone, is an insufficient basis to show extraordinary and compelling reasons. *Stewart*, 86 F.4th

14   at 536.  Moreover, Defendant has not shown that he is in imminent risk of another sexual

15   assault; the four instances took place in or before 2021.[3] *Ancheta*, 2024 WL 1181815, at *4.

16   Accordingly, the Court finds that the alleged sexual assaults occurring years ago when

17   Defendant was in pretrial detention, and disclosed to the Court during sentencing, do not now

18   constitute extraordinary and compelling reasons for a sentence reduction.

19        Whether Defendant's physical assault, standing alone, is sufficient reason to warrant a

20   sentence reduction under § 1.13(b)(4) is a closer question.  In May 2024, Defendant was

21   assaulted by two other inmates, resulting in "facial fractures (including left orbital floor

22   fracture, left orbital rim fracture, and left zygomaticomaxillary fracture), head injury, scalp

23   laceration, [loss of 18 teeth], and decreased vision in left eye[.]" (Reply 3:1–5).  This Court, as

24

25
_____

[3] Specifically, Defendant's MSR identifies that the alleged sexual assaults occurred in 2016, 2017, and 2021, at facilities he was previously incarcerated. (MSR at 10).

well as several district courts outside the Ninth Circuit, "have found that safety or security fears—including of attack—are not extraordinary and compelling bases for a sentence reduction." *United States v. O'Neil*, No. 97-cr-09, 2024 WL 2369102, at *27 (E.D. Wis. May 23, 2024); *United States v. Tate*, No. 3:16-cr-74, 2022 WL 827256, at *2 (W.D.N.C. Mar. 18, 2022) (writing that "possible physical harm from other inmates" was not an extraordinary and compelling reason); *see also United States v. Burleson*, No. 2:16-cr-00046, 2022 WL 17343788, at *3 n.3 (D. Nev. Nov. 29, 2022), *aff'd*, No. 17-10319, 2023 WL 3615670 (9th Cir. May 24, 2023), *opinion amended and superseded on denial of reh'g and judgment aff'd,* No. 17-10319, 2023 WL 5275176 (9th Cir. Aug. 16, 2023) (same).

Nevertheless, the Court finds these cases are distinguishable. Here, Defendant does not solely rely on the threat of future harm; he was subjected to a documented physical assault that left him with severe and permanent injuries. Thus, Defendant has both endured serious bodily injuries *and* has a legitimate fear over future harm. The legitimacy of this fear is not only undisputed but expressly recognized by the Government. (Resp. 10:23–24). In this case, Defendant's physical assault, which resulted in serious bodily injury, qualifies as an extraordinary and compelling reason under § 1B1.13(b)(4).

### 3. Other Reasons and Rehabilitation

Even if Defendant's physical assault, standing alone, did not constitute an extraordinary and compelling reason under § 1.13(b)(4), the Court would still find that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(5).

The Court finds that Defendant's medical conditions and alleged sexual assaults, while not meritorious as standalone justifications, are entitled to some weight under this subsection. The same holds true for Defendant's record of significant rehabilitation during his incarceration. (*See generally* Rehabilitation Records, Ex. 2 to Suppl., ECF No. 227-2). These ///

reasons, when viewed with Defendant's physical assault, further constitute extraordinary and compelling reasons warranting a sentence reduction.

### D. Danger to the Community

Despite Defendant showing extraordinary circumstances, the Government nevertheless contends he is not entitled to a reduction because he remains a danger to the community. (Resp. 11:15–15:3). In a prior Order, the Court agreed, noting that Defendant "engaged in multiple sex offenses" while on supervised release. (Order 5:3–5, ECF No. 183). That is, Defendant engaged in improper conduct "during a time he knew his freedom and ability to provide self-care in light of his health conditions were at risk." (*Id.*).

To determine dangerousness, the Court weighs the 18 U.S.C. § 3142(g) factors. U.S.S.G. § 1B1.13(a)(2). These are as follows: (i) "the nature and circumstances of the offense charged;" (ii) "the weight of the evidence against the person;" (iii) "the history and characteristics of the person;" and (iv) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In viewing these factors, the Government's argument is well taken: Defendant's offense for possession of child pornography is serious, and he has previously engaged in improper conduct when under supervised release. Nevertheless, the Court finds that Defendant does not pose a present danger to the community. "At the very crux of compassionate release [or sentence reduction] is the recognition that no man is beyond redemption." *United States v. Donnie Bryant*, No. 2:06-cr-234, 2024 WL 2028268, at *7 (D. Nev. May 6, 2024) (quoting *United States v. Snype*, No. 02-cr-939, 2023 WL 4622870, at *12 (S.D.N.Y. July 19, 2023) (Chin, J. sitting by designation). Defendant was subjected to physical abuse resulting in permanent injuries and disfigurement. And he may have been the victim of sexual abuse on multiple occasions. He endured punishment far beyond that which was imposed in his Judgement of Conviction. Moreover, if Defendant is placed at a halfway house or residential

reentry center, he would be supervised by officials at the facility and monitored by his probation officer under the terms of his supervised release contained in his Judgment of Conviction. The Court is satisfied that Defendant has a newfound appreciation of the reprehensibility of his actions, or alternatively, understands the consequences of reoffending. Accordingly, the Court finds that he is not a danger to the community.

**E. 18 U.S.C. § 3553(a) Factors**

Finally, the Court addresses the 18 U.S.C. § 3553(a) factors. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a)(1)–(7).

Giving Defendant a limited sentence reduction of eight months comports with the § 3553(a) sentencing factors. Eight months off his 121-month sentence is a less than 10 percent reduction. Put differently, Defendant has and will serve over 90 percent of his original sentence. Defendant's lengthy sentence reflects the seriousness of his offense, promotes respect for the law, and fulfills the need for "just punishment." 18 U.S.C. § 3553(a)(1), (2)(A). Finally, this Order does not disturb Defendant's lengthy forty-five-year term of supervision that will begin after his incarceration ends.

///

///

///

///

///

**E.  Defendant's Placement in a Residential Reentry Center**

Having given Defendant an eight-month sentence reduction, the Court now seeks to clarify what comes next for Defendant.  Defendant requests the Court "order the BOP to designate him to the [residential reentry center] in Las Vegas for the remainder of his sentence. . . ." (Reply 6:16–17).

"The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 955 (9th Cir. 2011) (citing 18 U.S.C. § 3621(b)).  "Nonetheless, sentencing courts can (and frequently do) make non-binding housing recommendations." *United States v. Isham*, No. 18-cr-217, 2024 WL 1833916, at *1 (W.D. Wash. Apr. 26, 2024) (citing *Ceballos*, 671 F.3d at 856 n.2).  These recommendations can be made "at any time" and do not constitute part of a defendant's sentence.[4] *Id.* at 855, 856 n.2.  Accordingly, although the Court cannot order the BOP to place Defendant in a halfway house, **IT HEREBY RECOMMENDS** to the BOP that Defendant serve the final 12 months of his sentence at a residential reentry center or halfway house.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 214), is **GRANTED.**  Defendant's term of imprisonment is **HEREBY REDUCED** from 121 months to 113 months.  Defendant's Judgment of Conviction will be amended to reflect this change.

**IT IS FURTHER ORDERED** that the Court **RECOMMENDS** to the BOP that Defendant be placed in a halfway house or residential reentry center for the remainder of his sentence.

---

[4] The Second Chance Act also grants the BOP the authority to consider placing inmates nearing the end of their sentences in a halfway house or other community correctional facility. *See* 18 U.S.C. § 3624(c)(1).  In making this discretionary decision, BOP considers several factors, including "any statement by the court that imposed the sentence." *Id.* § 3621(b)(4).

1    **IT IS FURTHER ORDERED** that Defendant's Motions to Seal, (ECF Nos. 228, 246),

2    are **GRANTED**.

3    **DATED** this 18 day of July, 2024.

_____

Gloria M. Navarro, District Judge
United States District Court